```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
JRLDDS, LLC D/B/A JEFFREY R. LEMLER, DDS,                            :
                                                                     :
                              Plaintiff,                             :
                                                                     :          21-CV-9487 (JMF)
              -v-                                                    :
                                                                     :         MEMORANDUM OPINION
THE HARTFORD FINANCIAL SERVICES GROUP                                :             AND ORDER
INC. and TRUMBULL INSURANCE COMPANY,                                 :
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

This case is the latest in an ever-increasing line of insurance-coverage disputes arising out of the COVID-19 pandemic. Plaintiff JRLDDS, LLC, d/b/a Jeffrey R. Lemler, DDS ("Lemler"), a dental and periodontic services provider in New York City, brings claims against its insurer, Trumbull Insurance Company ("Trumbull"), and its insurer's parent company, the Hartford Financial Services Group, Inc. ("HFSG"), challenging denial of coverage for lost income and extra expenses incurred as a result of, and during, the pandemic. *See* ECF No. 18 ("Am. Compl."), ¶ 1. Defendants now move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss Lemler's Amended Complaint. ECF No. 19. For the reasons that follow, the motion is GRANTED in full.

## BACKGROUND

Lemler held an "all-risk" insurance policy from Trumbull, (the "Policy"), which included coverage for direct physical loss of, or damage to, its property as well as business interruption losses. Am. Compl. ¶¶ 1, 13-15. The Policy, which was in effect from March 1, 2020, to March 1, 2021, includes three coverage provisions relevant to Lemler's claims: the "Business Income,"

"Extra Expense," and "Civil Authority" provisions. *Id*.; ECF No. 18-1 ("Policy"), at 39-40.[1] The "Business Income" provision requires Trumbull to "pay for the actual loss of Business Income [sustained] due to the necessary suspension of . . . 'operations[,]'" with the caveat that "[t]he suspension must be caused by direct physical loss of or physical damage to property at the 'scheduled premises.'" Am. Compl. ¶ 14; Policy 39. The "Extra Expense" provision requires Trumbull to pay "reasonable and necessary Extra Expense[s] . . . incur[red] during the 'period of restoration' that [Lemler] would not have incurred if there had been no direct physical loss or physical damage to property at the 'scheduled premises.'" Am. Compl. ¶¶ 15, 97-99; Policy 39. Finally, the "Civil Authority" provision requires Trumbull to cover "the actual loss of Business Income [Lemler] sustain[s] when access to [the] 'scheduled premises' is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to the property in the immediate area of your 'scheduled premises.'" Am. Compl. ¶ 116; Policy. 40.

Lemler filed a claim for losses during the pandemic, which Trumbull denied in full. Am. Compl. ¶¶ 1, 40, 42; *see* ECF No. 18-2. This lawsuit — alleging breach of contract, breach of the implied covenant of good faith and fear dealing, violation of New York General Business Law Section 349, and unjust enrichment, *see* Am. Compl. ¶¶ 120-66 — followed.

## LEGAL STANDARDS

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and requires a court to determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a

---

[1] The Court may consider Lemler's insurance policy because it was attached to the Amended Complaint. *See* Am. Compl. ¶ 13; *see also, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[O]n a motion to dismiss, a court may consider documents attached to the complaint as an exhibit . . . ." (internal quotation marks omitted)). References to page numbers in the Policy are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In reviewing a Rule 12(b)(6) motion, a court is limited to "a narrow universe of materials."  *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  In particular, a court may consider only: (1) "the factual allegations in the. . . complaint, which are accepted as true"; (2) "documents attached to the complaint as an exhibit or incorporated in it by reference"; (3) "matters of which judicial notice may be taken"; and (4) "documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied on in bringing suit."  *Roth v. CitiMortgage Inc*., 756 F.3d 178, 180 (2d Cir. 2014) (per curiam) (cleaned up).  To survive such a motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

## DISCUSSION

This Court does not write on a blank slate.  At last count, there were more than *six dozen* decisions applying New York law (the law that applies here) to claims of the sort made by Lemler, including at least six decisions by the Second Circuit and two decisions by the undersigned.  *See* ECF No. 21-1; ECF No. 27 ("Reply"), App'x III; *see also 10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd.*, 21 F.4th 216 (2d Cir. 2021); *Rye Ridge Corp. v. Cincinnati Ins. Co.*, No. 21-1323-CV, 2022 WL 120782 (2d Cir. Jan. 13, 2022) (summary order); *Kim-Chee LLC v. Phila. Indem. Ins. Co.*, No. 21-1082-CV, 2022 WL 258569 (2d Cir. Jan. 28, 2022) (summary order); *Deer Mtn. Inn LLC v. Union Ins. Co.*, No. 21-1513-CV, 2022 WL 598976 (2d Cir. Mar. 1, 2022) (summary order); *SA Hospitality Grp., LLC v. Hartford Fire Ins. Co.*, No. 21-1523-CV, 2022 WL 815683 (2d Cir. Mar. 18, 2022) (summary order); *BR Rest. Corp. v.*

*Nationwide Mut. Ins. Co.*, No. 21-2100-CV, 2022 WL 1052061 (2d Cir. Apr. 8, 2022) (summary order); *Spirit Realty Cap., Inc. v. Westport Ins. Corp.,* No. 21-CV-2261 (JMF), 2021 WL 4926016 (S.D.N.Y. Oct. 21, 2021); *100 Orchard St., LLC v. Travelers Indem. Ins. Co. of Am.*, No. 20-CV-8452 (JMF), 2021 WL 2333244 (S.D.N.Y. June 8, 2021).  Significantly, *every one* of these decisions upheld the insurer's denial of coverage.  To the extent relevant here, they have reasoned that (1) "direct physical loss of or damage to" property does not encompass "loss of use" of business facilities, *10012 Holdings, Inc*., 21 F.4th at 219, 222; (2) the "presence of the COVID-19 virus in the air and on the surfaces" of an insured premise does not "constitute[] 'direct physical loss or damage to'" property, *Spirit Realty Cap., Inc.*, 568 F. Supp. 3d at 473-74; *see also 100 Orchard St., LLC*, 542 F. Supp. 3d at 228, and (3) COVID-19 shut-down orders did not trigger coverage because they "were the result of the COVID-19 pandemic and the harm it posed to human beings, not . . . risk of physical damage to property," and were not "prompted by risk of harm to neighboring premises," *10012 Holdings, Inc*., 21 F.4th at 223.

      Notably, the Court directed Lemler to "address the import, if any, of" *Spirit Realty* and *100 Orchard St.* in its opposition to Defendants' motion to dismiss.  ECF No. 14.  Lemler made a valiant attempt to do so, arguing (1) that "[t]he *Spirit* decision contemplates 'physical loss or damage to Insured Property,'" with "Insured Property" being a clearly defined term, whereas the Policy here covers "direct physical loss of or physical damage to property," with "property" being an undefined term, ECF No. 25 ("Pl.'s Opp'n"), at 2-3, 11; (2) that *Spirit Realty* is distinguishable because the policy there referred to "'physical loss or damage *to*'" while the Policy here refers to "'physical loss *of*,'" *id.* at 11; and (3) that the Policy's "Civil Authority" provision requires coverage "due to prohibitions issued by a civil authority due to risks of direct physical loss to property in the immediate area of Lemler's office," *id.* at 16.  But whether or not

4

these attempts to distinguish *Spirit Realty* and *100 Orchard St.* have merit, they run headlong into the Second Circuit's decision in *10012 Holdings*, which involved materially identical policy language and rejected precisely the arguments that Lemler makes here.  *See* 21 F.4th at 222-23; *see also 10012 Holdings, Inc. v. Sentinel Ins. Co.*, 507 F. Supp. 3d 482, 487 (S.D.N.Y. 2010), *aff'd*, 21 F.4th 216 (2d Cir. 2021).  Put simply, *10012 Holdings* controls and mandates dismissal of Lemler's breach of contract claim and related claim for a declaratory judgment.  It also dooms Lemler's other claims — for breach of the implied covenant of good faith and fair dealing, violation of New York General Business Law Section 349, and unjust enrichment — because, at bottom, all "rest on the allegedly improper denial of [Lemler's] eligibility for coverage." *Rye Ridge Corp. v. Cincinnati Ins. Co.*, 535 F. Supp. 3d 250, 256 (S.D.N.Y. 2021), *aff'd*, 2022 WL 120782 (2d Cir. Jan. 13, 2022).

Although HFSG separately moves to dismiss for lack of personal jurisdiction, the Court need not and does not reach the issue.  To be sure, personal jurisdiction is ordinarily a threshold question to be addressed prior to deciding the merits of a claim.  *See, e.g.*, *In re Rationis Enters., Inc. of Panama,* 261 F.3d 264, 267-68 (2d Cir. 2001).  But the Second Circuit has instructed that "that practice is prudential and does not reflect a restriction on the power of the courts to address legal issues." *ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 498 n.6 (2d Cir. 2013).  Accordingly, in cases involving "multiple defendants — over some of whom the court indisputably has personal jurisdiction — in which all defendants collectively challenge the legal sufficiency of the plaintiff's cause of action," courts may proceed directly to the merits.  *Chevron Corp. v. Naranjo,* 667 F.3d 232, 246 n.17 (2d Cir. 2012).  If, in first addressing "the facial challenge to the underlying cause of action" a court "dismiss[es] the claim in its entirety," the court may then "decline to address the personal jurisdictional claims made by some

defendants." *Id*. That is the case here: The Court indisputably has personal jurisdiction over Trumbull and has concluded that Lemler's claims must be dismissed in their entirety. Thus, the Court need not and does not address HFSG's arguments on personal jurisdiction. *See In re Bystolic Antitrust Litig.*, No. 20-CV-10087, 2022 WL 323945, at *27 (S.D.N.Y. Feb. 2, 2022) ("Accordingly, having dismissed the claims in their entirety, the Court declines to address Teva Israel's arguments on personal jurisdiction."); *Fratelli BVBA v. APM Music Servs., LLC*, No. 20-CV-6208 (JPC), 2021 WL 4429417, at *6 n.4 (S.D.N.Y. Sept. 27, 2021) ("Because dismissal of the unjust enrichment claims terminates All Parts from this action, the Court does not address its argument for dismissal for lack of personal jurisdiction.").

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED and Lemler's Amended Complaint is dismissed in its entirety. Further, the Court declines to grant Lemler leave to file another amended complaint. Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (internal quotation marks omitted). Here, the problems with Lemler's claims are substantive, so amendment would be futile. *See, e.g.*, *Roundtree v. NYC*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases). Moreover, Lemler does not suggest that it is in possession of facts that would cure the problems with its claims. *See, e.g.*, *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if [it] fails to specify how amendment would cure the pleading deficiencies in [its] complaint."); *accord TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). Finally, the Court already granted Lemler

leave to amend its original complaint in response to Defendants' motion to dismiss and explicitly warned that it would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No. 14; *see, e.g.*, *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*." (citing cases)).

The Clerk of Court is directed to terminate ECF No. 19, to enter judgment in favor of Defendants, and to close this case.

SO ORDERED.

Dated: July 29, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge