UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JRLDDS, LLC D/B/A JEFFREY R. LEMLER, DDS,

                Plaintiff,

-against-                                                21 **CIVIL** 9487 (JMF)

**JUDGMENT**

THE HARTFORD FINANCIAL SERVICES GROUP
INC. and TRUMBULL INSURANCE COMPANY,

                Defendants.
------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated July 29, 2022, Defendants' motion is GRANTED and Lemler's Amended Complaint is dismissed in its entirety. Further, the Court declines to grant Lemler leave to file another amended complaint. Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," Broidy Cap. Mgmt. LLC v. Benomar, 944 F.3d 436, 447 (2d Cir. 2019) (internal quotation marks omitted). Here, the problems with Lemler's claims are substantive, so amendment would be futile. See, e.g., Roundtree v. NYC, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases). Moreover, Lemler does not suggest that it is in possession of facts that would cure the problems with its claims. See, e.g., Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if [it] fails to specify how amendment would cure the pleading deficiencies in [its] complaint."); accord TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014). Finally, the Court already granted Lemler leave to amend its original complaint in response to Defendants' motion

to dismiss and explicitly warned that it would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No. 14; see, e.g., Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P., 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend sua sponte." (citing cases)).  Judgment is entered in favor of Defendants; accordingly, the case is closed.

**Dated:**  New York, New York

      July 29, 2022

**RUBY J. KRAJICK**
**Clerk of Court**
**BY:** K. Mango
**Deputy Clerk**